IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA

Alexandria Division

```
SANJAY CHANDRAKANT PATIL,        )
                                 )
       Plaintiff,                )
                                 )
            v.                   )    1:07cv71 (JCC)
                                 )
ROBERT MUELLER, et. al.,         )
                                 )
       Defendants.               )
```

**M E M O R A N D U M   O P I N I O N**

This matter comes before the Court on Defendant's motion to dismiss.  For the following reasons, the Court will grant this motion.

**I.  Background**

Plaintiff Sanjay Chandrakant Patil ("Plaintiff") is a citizen of India seeking permanent residence in the United States.  The facts as alleged by Plaintiff are as follows: Plaintiff filed an application for adjustment of status ("Form I-485") on November 12, 2004, along with an immigrant petition for alien worker ("Form I-140").  The I-140 petition was approved on November 30, 2004, with a priority date of March 22, 1999.  On April 7, 2005, the United States Bureau of Citizenship and Immigration Services ("CIS").  On April 7, 2005, the CIS's Buffalo Office processed Plaintiff's biometric information, including an electronic photograph image and fingerprints.  On

-1-

April 16, 2005, the CIS recived the results of Plaintiff's
fingerprint check.  On May 10, 2005, Plaintiff requested status
information regarding his application, and was informed by letter
that the application had not yet been adjudicated due to a delay
in completing security checks.  On January 25, 2007 Plaintiff
filed a complaint for mandamus, requesting that this Court compel
the CIS to adjudicate his application for adjustment of status.
Defendants filed a motion to dismiss.  This motion is currently
before the Court.

## II.  Standard of Review

Pursuant to Rule 12(b)(1), a claim may be dismissed for
lack of subject matter jurisdiction.  Fed. R. Civ. P. 12(b)(1).
Where subject matter jurisdiction is challenged, the factual
allegations are assumed true.  *See Virginia v. United States*, 926
F. Supp. 537, 540 (E.D. Va. 1995).  If, however, "the motion
challenges the actual existence of the Court's subject matter
jurisdiction...the Court may 'look beyond the jurisdictional
allegations of the complaint and view whatever evidence has been
submitted on the issue to determine whether in fact subject
matter jurisdiction exists.'"  *Id.* (citing *Capitol Leasing Co. v.
FDIC*, 999 F.2d 188, 191 (7th Cir. 1993); *Adams v. Bain*, 697 F.2d
1213, 1219 (4th Cir. 1982); *Ocean Breeze Festival Park, Inc. v.
Reich*, 853 F. Supp. 906, 911 (E.D. Va. 1994)).  The burden of

proving subject matter jurisdiction is on the plaintiff.  *McNutt v. General Motors Acceptance Corp.*, 298 U.S. 178, 189 (1936).

A Rule 12(b)(6) motion to dismiss tests the legal sufficiency of the complaint, *see Randall v. United States*, 30 F.3d 518, 522 (4th Cir. 1994), and should be denied unless "it appears beyond doubt that the plaintiff can prove no set of facts in support of his claim which would entitle him to relief." *De Sole v. United States*, 947 F.2d 1169, 1177 (4th Cir. 1991) (citations omitted); *see also Conley v. Gibson*, 355 U.S. 41, 45-46 (1957).

### III.  Analysis

8 U.S.C. § 1252(a)(2)(B)(ii) divests courts of jurisdiction over suits where a plaintiff seeks review of a decision or action committed to agency discretion. *Safadi v. Howard,* 466 F. Supp. 2d 696, 700 (E.D. Va. 2006).  This includes review of any discretionary decision or action of the United States Customs and Immigration Service.  *Id.*  Cases cited by Plaintiff in order to confer jurisdiction were issued prior to the 2005 amendment to the Immigration and Neutrality Act ("INA"), which strengthened the provisions of § 1252(a)(2)(B) which strip jurisdiction.  *See Yu v. Brown,* 36 F. Supp. 2d 922 (D.N.M. 1999); *Paunescu v. INS,* 76 F. Supp. 2d 896 (N.D. Ill. 1999); *Iddir v. INS,* 301 F.3d 492 (7th Cir. 2002) (all preceding the 2005 Amendment).  However, after the amendment, it is clear from the

text that federal courts are not to interfere with the discretion of agencies in these matters.  *See Safadi,* 466 F. Supp. 2d at 699 (interpreting § 1252 in light of the 2005 amendment).

Additionally, a writ of mandamus may not issue here because there is no clear right to "immediate" adjudication of his application, and the Administrative Procedure Act ("APA") precludes judicial review of actions the action challenged is "committed to agency discretion by law."  *See Id.* at 697 (quoting 5 U.S.C. § 701(a)).  Plaintiff's assertions to the contrary are incorrect.  Accordingly, Defendant's motion to dismiss will be granted.

This decision is correct from a policy perspective as well.  The Court's sympathies are with Plaintiff.  Two years and five months to adjudicate one "change-of-status" application undoubtedly feels unconscionably long when you are the applicant.[1]  Nevertheless, in this post-9/11 context, agencies must have the freedom to carefully and thoroughly investigate these applications without judicial interference in their priorities.  Furthermore, to grant relief in this case would set a dangerous precedent, sending a clear signal that more litigious

---

[1]As William Shakespeare once wrote, "in delay we waste our lights in vain, like lamps by day." (Romeo & Juliet, Act I).  The Court's sympathies are with Plaintiff for the frustration and difficulty caused by the delays of cumbersome bureaucracy.  However, such is not an uncommon circumstance in this day and age.  Also before the Court today is an unrelated petition involving a delay of nearly four years for the same reason.  As much as the Court would like to grant solace to the petitioners in both cases, it nonetheless stands powerless to grant a legal remedy.

applicants are more likely to be moved to the top of the proverbial pile over other applicants that have waited even longer.  Such a situation hardly optimizes resources, and serves only the individual at the detriment to the group.

### IV.  Conclusion

For the foregoing reasons, Defendants' motion to dismiss will be granted.  An appropriate Order will issue.

April 30, 2007                      _____/s/_____
Alexandria, Virginia                     James C. Cacheris
                                   UNITED STATES DISTRICT COURT JUDGE